# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| MELANIE J. ZELLNER | | | |
|---|---|---|---|
| | Debtor 1 | Chapter: | 7 |
| | | Case No.: | 5-15-bk-01286 RNO |
| MELANIE J. ZELLNER | | | |
| | Movant(s) | Document No.: | 25 |
| vs. | | | |
| J. ALEXANDER LUTZ and WILLIAM A. YOUNG, III, ESQUIRE | | Nature of Proceeding: | Motion for Contempt Citation of the Discharge Inunction |
| | Respondent(s) | | |

## OPINION[1]

Melanie Zellner filed a Motion for Contempt alleging that J. Alexander Lutz and William Young, Esquire violated the discharge injunction. Subsequently, Lutz and Young filed separate Answers. For the reasons stated below, the Motion for Contempt will be denied.

**I.    JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) & (J).

**II.    FACTS AND PROCEDURAL HISTORY**

Around November 1, 2010, Melanie Jane Zellner ("Debtor") moved to Richmond, Virginia for work. Shortly thereafter, Debtor met J. Alexander Lutz ("Lutz"), and the two of them formed a friendship which evolved into a romantic relationship around the beginning of

---

[1]    Drafted with the assistance of Timothy R. Powell, Esq., Law Clerk.

1

2011. In or around April of 2012, Debtor and Lutz formed a for-profit business named Fine Line Leather Design ("Fine Line") in which they designed, manufactured, and sold leather goods. Both Lutz and Debtor acknowledge that they purchased items together to commence Fine Line. Additionally, there was an "I owe you" document, signed by Debtor, which states that Debtor owed Lutz $30,000 for Fine Line.

Sometime in 2013, Debtor and Lutz ended their romantic relationship with the intention of remaining friends, as well as continuing their business relationship, to some extent. Before Debtor moved back to Pennsylvania in September 2013, Debtor and Lutz divided up Fine Line's assets so that Debtor could continue Fine Line in Pennsylvania while Lutz continued it in Virginia. This arrangement was memorialized in an alleged Partnership Agreement ("Partnership Agreement") which is signed by both Debtor and Lutz and dated September 25, 2013. Not long thereafter, the business relationship ceased.

On December 10, 2014, Lutz, represented by William A. Young, III, Esquire ("Young"), filed a two-count complaint ("VA Complaint") against Debtor in the Circuit Court of Henrico County, Virginia ("Virginia Court") at case number CL14-3179 ("VA Litigation"). Count I pled a breach of contract claim seeking $30,000 in damages from Debtor, and Count II, which was pled in the alternative, sought judicial dissolution of Fine Line as a partnership. On December 30, 2014, Debtor, acting *pro se*, filed an answer to the VA Complaint.

On March 30, 2015, Debtor filed her voluntary Chapter 7 bankruptcy petition. 5:15-bk-01286-RNO, ECF No. 1. Debtor listed Lutz as a creditor and Young as a party to be noticed. They were included in the mailing matrix which provides mailing addresses for notices in the case. On August 3, 2015, Debtor was granted a Chapter 7 discharge pursuant to 11 U.S.C.

§ 727,[2] and her case was closed. 5:15-bk-01286-RNO, ECF Nos. 15 & 16. Neither Lutz nor Young ever objected to Debtor's discharge.

On August 18, 2015, Young, on behalf of Lutz, moved for partial summary judgment in the VA Litigation to dissolve Fine Line as a partnership. However, Count I of the VA Complaint, which pled the $30,000 breach of contract claim, was non-suited (i.e., dropped) due to Debtor's bankruptcy discharge. On September 1, 2015, upon becoming aware of the continuation of the VA Litigation following Debtor's Chapter 7 discharge, Debtor's bankruptcy attorney, John DiBernardino ("DiBernardino"), sent a letter to Young suggesting he remain mindful of § 524(a) and what the discharge injunction prohibits.[3] Nonetheless, Lutz and Young moved forward, and on February 5, 2016, the Virginia Court granted their motion for partial summary judgment. That same day, the Virginia Court entered an Order ("Partial Summary Judgment Order") finding that: (1) Fine Line constitutes a partnership pursuant to Va. Code § 50-73.88(A) and is subject to the Virginia Uniform Partnership Act ("VUPA"); and (2) Fine Line shall be wound up and dissolved pursuant to Va. Code § 50-73.117(5)(b). Additionally, the Virginia Court ordered that: (1) Lutz has the right to wind up Fine Line with all the rights and responsibilities of Va. Code § 50-73.119; and (2) within twenty-one days, Debtor has to produce to Lutz all of Fine Line's financial books and records together with an accounting of Fine Line's assets and liabilities, as well as any financial records related to any of Debtor's subsequent endeavors engaging in the same business as Fine Line. Debtor, acting *pro se* at this point of the VA Litigation, did not appear at the hearing for the partial summary judgment motion.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

[3] DiBernardino alleges to have sent four separate letters to Young advising him that his actions violated the discharge injunction. Debtor's Mot. for Contempt at ¶ 16, ECF No. 25.

3

Subsequently, due to Debtor's failure to fully comply with the Partial Summary Judgment Order,[4] Young filed a Motion to Compel ("First Motion to Compel") on January 5, 2017.[5] The First Motion to Compel requested an order requiring Debtor to turn over the Quickbooks software records in her possession as well as provide Lutz with an accounting of Fine Line's assets and liabilities.

On April 28, 2017, Lutz and Young filed a Motion to Compel Return of Assets ("Second Motion to Compel"). On February 23, 2018, the Virginia Court entered an Order ("Motion to Compel Order")[6] finding that Debtor had failed to return partnership assets to Lutz and ordering Debtor to, within ninety days, return any and all assets of Fine Line, including, but not limited to, equipment, raw materials, inventory, cash on hand, and pre-paid booth fees. The Motion to Compel Order further required Debtor to provide Lutz with the partnership's financial books and records through the present date. Neither Debtor, nor her newly acquired counsel, David Meeks ("Meeks"), appeared at this hearing.

On March 19, 2018, due to Debtor's alleged failure to fully comply with the Partial Summary Judgment Order and comply at all with the Motion to Compel Order, Young filed a Motion for Contempt ("VA Motion for Contempt") asking the Virginia Court to either enter a judgment against Debtor in the amount of $25,000 or require Debtor to turn over the partnership

---

[4] Young claims Debtor failed to produce the books and ledgers from Fine Line's Quickbooks software. July Hr'g, Young's Ex. 9.D.

[5] There are multiple references on the record to motions and orders being filed in the VA Litigation on incorrect dates. After looking at the VA Litigation docket, it shows a Motion to Compel being filed on January 5, 2017 (First Motion to Compel), a Motion to Compel Return of Assets being filed on April 28, 2017 (Second Motion to Compel), and an Order Granting the First Motion to Compel, the Motion to Compel Return of Assets, or both being filed on February 23, 2018 (Motion to Compel Order). Young's Post-Trial Br., Ex. A, 5:15-bk-01286-RNO, ECF No. 52.

[6] There also seems to be confusion as to (1) whether the September 22, 2017, hearing was ever held on the First Motion to Compel, (2) whether an order was ever entered as to the First Motion to Compel, (3) whether the hearing on February 23, 2018, covered both the First Motion to Compel and the Second Motion to Compel, and (4) whether the Motion to Compel Order covered both the First Motion to Compel and the Second Motion to Compel. However, this confusion has no effect on the outcome of this Opinion.

assets and remaining financial records. After a hearing held on June 1, 2018, at which Meeks appeared on behalf of Debtor, the Virginia Court entered an Order ("Final Order") on July 2, 2018, finding Debtor in contempt and ordering that a judgment in the amount of $25,520[7] be entered against Debtor in favor of Lutz.[8]

On February 25, 2019, Lutz transferred the Virginia Court judgment to the Court of Common Pleas of Carbon County, Pennsylvania at case number 19-0385.

On March 18, 2019, Debtor filed a Motion to Reopen ("Motion to Reopen") her Chapter 7 case so that she could file a motion for contempt citation against Lutz and Young. 5:15-bk-01286-RNO, ECF No. 19. Debtor claims that Lutz and Young violated the discharge injunction imposed by § 524(a)(2) when they allegedly attempted to collect a discharged debt from her. On March 19, 2019, one day after this case was transferred to me following the untimely passing of my colleague, the Honorable John Thomas,[9] an Order was entered granting Debtor's Motion to Reopen. 5:15-bk-01286-RNO, ECF No. 23.

On March 26, 2019, Debtor filed a Motion for Contempt Citation ("Bankruptcy Motion for Contempt") against Lutz and Young. 5:15-bk-01286-RNO, ECF No. 25. Debtor alleges that Lutz and Young violated § 524(a)(2) when they took multiple actions to collect, as a personal liability of Debtor, a debt which was discharged in Debtor's bankruptcy. After an order was

---

[7] This $25,520 judgment includes the $25,000 judgment requested in the VA Motion for Contempt plus $520 for attorney's fees incurred by Young in pursuit of the motion.

[8] Lutz and Young attempt to argue that the Virginia Court's Final Order either sanctions Debtor in the amount of $25,000 or requires her to turn over to Lutz any partnership assets still in her possession. Young's Post-Trial Br. at 7, 5:15-bk-01286-RNO, ECF No. 52; Lutz's Post-Trial Br. at 4, 5:15-bk-01286-RNO, ECF No. 53. However, Lutz and Young misstate the record. While the VA Motion for Contempt requests a judgment for either $25,000 or the return of partnership assets, the Final Order only orders a judgment in the amount of $25,520 be entered against Debtor in favor of Lutz. July Hr'g, Movant's Exhibit 7. This alleged either/or language doesn't exist in the Final Order itself.

[9] 5:15-bk-01286-RNO, ECF No. 20.

entered extending the response deadline, Lutz and Young filed separate answers to the Bankruptcy Motion for Contempt on April 30, 2019. 5:15-bk-01286-RNO, ECF Nos. 32 & 33.

After multiple continuances, an evidentiary hearing was held on July 31, 2019 ("July Hearing"). Following the July Hearing, an order was entered setting a briefing schedule and continuing the July Hearing to a later date. 5:15-bk-01286-RNO, ECF No. 48.

Briefs have been filed in support of, and in opposition to, the Bankruptcy Motion for Contempt. A final hearing was held on December 18, 2019 ("December Hearing"). The Bankruptcy Motion for Contempt is now ripe for decision.

### III. DISCUSSION

Debtor's Bankruptcy Motion for Contempt alleges that Lutz and Young violated the discharge injunction imposed by § 524(a)(2) by pursuing Count II of the VA Complaint to the Final Order. Debtor's Mot. for Contempt ¶ 17, 5:15-bk-01286-RNO, ECF No. 25. She claims that Lutz and Young violated the discharge injunction by taking actions in the VA Litigation to collect, as a personal liability of Debtor, a debt which was discharged in Debtor's bankruptcy. *Id.* Additionally, Debtor argues that Lutz violated the discharge injunction when he engaged in various acts to harass, impede, and interfere with Debtor's own business activities. *Id.* at ¶ 18.

In his answer, Lutz denies these allegations and argues that he relied upon the advice of legal counsel in all litigation proceedings. Lutz's Answer ¶¶ 17-18, 5:15-bk-01286-RNO, ECF No. 32. Additionally, in Young's answer, he argues that he did not violate the Debtor's discharge order in his representation of Lutz in the VA Litigation because the $25,520 judgment relates to a post-petition claim that is not a personal liability of Debtor and therefore is not covered by the discharge injunction. Young's Answer at 2 & 5, 5:15-bk-01286-RNO, ECF No. 33; *see also* Young's Post-Trial Br. at 7 & 17-18, 5:15-bk-01286-RNO, ECF No. 52. Young also argues that

6

there is a "fair ground of doubt" as to whether the discharge order barred his actions in this case. Young's Post-Trial Br. at 20-21, 5:15-bk-01286-RNO, ECF No. 52. Young asserts that he only pursued the VA Motion for Contempt after Debtor failed to comply with two separate state court orders which were entered to assist Lutz and Young in dissolving Fine Line as a partnership. *Id.* at 6-7.

      A.     **The Discharge Injunction and Remedies for a Discharge Injunction Violation.**

When a Chapter 7 debtor successfully completes his or her bankruptcy case, the bankruptcy court typically enters a discharge order releasing the debtor from personal liability for most pre-bankruptcy debts. *See* 11 U.S.C. § 727. The bankruptcy discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt [discharged under § 727] as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2). In other words, the discharge injunction only prohibits actions and communications designed to collect, recover, or offset a pre-petition, discharged debt as a personal liability of the debtor.

Some courts have held that a creditor violates the discharge injunction if the creditor acts in such a way as to coerce or harass the debtor improperly. *In re Paul*, 534 F.3d 1303, 1308 (10th Cir. 2008) (citations omitted); *In re Pratt*, 462 F.3d 14, 19 (1st Cir. 2006) (citations omitted). However, for the creditor to be in violation of the discharge injunction by such an act, the creditor must do so to obtain payment of a discharged debt. *Id.* "[T]he question is whether the creditor's conduct had the practical, concrete effect of coercing payment of a discharged debt." *In re Paul*, 534 F.3d at 1308 (citations omitted).

7

Case 5:15-bk-01286-RNO    Doc 60    Filed 03/11/20    Entered 03/11/20 11:23:01    Desc
Main Document     Page 7 of 18

While § 524 states that a discharge order operates as an injunction, it does not explicitly set forth a substantive right to remedy a discharge injunction violation. Therefore, courts have determined that, pursuant to § 105(a),[10] bankruptcy courts have the equitable power to enforce and remedy violations of the discharge injunction through civil contempt proceedings. *In re Paul*, 534 F.3d at 1306-07 (citations omitted). If the debtor establishes that contemptuous conduct occurred, a bankruptcy court may sanction the bad actor. *In re Bentley*, 607 B.R. 889, 894 (Bankr. E.D. Ky. 2019) (citation omitted).

On June 3, 2019, the Supreme Court delivered an opinion which provided the criteria necessary for determining when a court may hold a creditor in civil contempt for attempting to collect a debt that was immunized from collection by a discharge order. *See Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019). The Supreme Court concluded that:

> a court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct. In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful.

*Id.* (emphasis in the original). The standard for evaluating civil contempt, thus, is an objective one. *Id.* at 1804. "[A] party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Id.* at 1802.

### B. Lutz and Young's Continued Pursuit of Count II of the VA Complaint Was Not a Violation of the Discharge Injunction.

As discussed above, a party may only be found to be in violation of the discharge injunction if they attempt to recover a pre-petition, *in personam* debt which was discharged in a debtor's underlying bankruptcy proceeding. The evidentiary record in this case leads to the

---

[10] Section 105(a) authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

conclusion that Lutz and Young's continued pursuit of Count II of the VA Complaint was not a violation of the discharge injunction.

> 1. *Lutz and Young Did Not Violate the Discharge Injunction Through Their Actions to Wind Up and Dissolve Fine Line.*

Debtor argues that Lutz and Young violated the discharge injunction by pursuing multiple motions to judgment in the VA Litigation. Debtor's Mot. for Contempt ¶ 17, 5:15-bk-01286-RNO, ECF No. 25. She claims that the VA Complaint was filed pre-petition, and therefore, the continued pursuit of Count II is a violation of her Chapter 7 discharge. Debtor's Post-Trial Br. at 8-10, 5:15-bk-01286-RNO, ECF No. 54.

On December 10, 2014, on behalf of Lutz, Young filed the two-count VA Complaint against Debtor in the Circuit Court of Henrico County, Virginia. July Hr'g, Young's Ex. 1. Count I pled a $30,000 breach of contract claim against Debtor personally and Count II pled for the judicial dissolution of Fine Line as a partnership. *Id.* On March 30, 2015, Debtor filed her voluntary Chapter 7 bankruptcy. 5:15-bk-01286-RNO, ECF No. 1. Following Debtor's discharge on August 3, 2015,[11] Lutz and Young continued their pursuit of only Count II of the VA Complaint by filing a motion for partial summary judgment on August 18, 2015.[12] The motion for partial summary judgment requested the Virginia Court enter an order dissolving Fine Line pursuant to Va. Code § 50-73.117(b). July Hr'g, Young's Ex. 4.

On February 5, 2016, the Virginia Court granted Lutz and Young's motion and entered the Partial Summary Judgment Order. *Id.* The Partial Summary Judgment Order found that Fine Line is a partnership pursuant to Va. Code § 50-73.88(A), is subject to the Virginia Uniform

---

[11] 5:15-bk-01286-RNO, ECF No. 15.
[12] July Hr'g, Young's Ex. 4. Count I of the VA Complaint was non-suited due to Debtor's bankruptcy discharge. Young's Post-Trial Br. at 8-9, 5:15-bk-01286-RNO, ECF No. 52; Lutz's Post-Trial Br. at 4-5, 5:15-bk-01286-RNO, ECF No. 53; Debtor's Post-Trial Br. at 3, 5:15-bk-01286-RNO, ECF No. 54.

9

Partnership Act, and shall be wound up and dissolved pursuant to Va. Code § 50-73.117(5)(b). *Id.* Additionally, the Virginia Court ordered that Lutz has the right to wind up Fine Line with the rights and responsibilities of Va. Code § 50-73.119 and that Debtor must turn over to Lutz all partnership records and provide him with an accounting of partnership assets and liabilities. *Id.*

Following Debtor's alleged failure to fully comply with the Partial Summary Judgment Order,[13] Young filed the First Motion to Compel on January 5, 2017. July Hr'g, Young's Ex. 5. The First Motion to Compel requested the Virginia Court enter an order requiring Debtor to turn over the remaining partnership financial records as well as provide Lutz with an accounting of Fine Line's assets and liabilities. *Id.* Subsequently, Young filed the Second Motion to Compel on April 28, 2017.[14] The Second Motion to Compel allegedly requested the Virginia Court enter an order requiring Debtor to turn over to Lutz any and all financial records and assets of Fine Line. On February 23, 2018, the Virginia Court entered the Motion to Compel Order which required Debtor to turn over to Lutz any and all partnership financial records and partnership assets. July Hr'g, Young's Ex. 6. Debtor never complied with the Motion to Compel Order. Young's Post-Trial Br. at 5-7, 5:15-bk-01286-RNO, ECF No. 52.

Lutz and Young argue that their continued pursuit of Count II of the VA Complaint is only Lutz's attempt to obtain, on behalf of Fine Line, partnership records and assets held by Debtor in an effort to dissolve the partnership. Young's Answer to Debtor's Mot. for Contempt at 2-3, 5:15-bk-01286-RNO, ECF No. 33; see also July Hr'g Tr. at 38-39 & 49-50, 5:15-bk-01286-RNO, ECF No. 51; Young's Post-Trial Br. at 8 & 18-19, 5:15-bk-01286-RNO, ECF No. 52. They are arguing that these actions do not violate the discharge injunction because the records and assets they seek are not property of Debtor. *Id.* They are property of the partnership;

---

[13]  July Hr'g, Young's Ex. 4 & 9.H.
[14]  A copy of the Second Motion to Compel was not provided in evidence.

10

which the Virginia Court tasked Lutz with dissolving and winding up. *Id.* This argument is persuasive.

Up until the Second Motion to Compel, Lutz and Young were simply trying to dissolve Fine Line. In doing so, they were seeking an accounting of the partnership. A claim seeking an accounting of a partnership does not violate the discharge injunction. *In re Schmucker*, 1994 WL 613398, at *3 (Bankr. N.D. Ohio Oct. 13, 1994). Additionally, the Second Motion to Compel was seeking a return of partnership assets. Again, such an action does not violate the discharge injunction. *Id.* at 2. This is because, "when a debtor is a member of a partnership, the debtor's partnership interest is included in the debtor's estate, but assets held by the partnership itself are not included." *Id.* (citation omitted). Furthermore, the evidentiary record does not support that Lutz and Young's actions had the practical effect of coercing Debtor to pay a discharged debt. They were simply trying to wind up and dissolve Fine Line in accordance with Virginia law.

The evidentiary record from the filing of the motion for partial summary judgment through the Motion to Compel Order does not provide any indication that Lutz or Young were seeking to collect a discharged debt as a personal liability of Debtor. Therefore, Lutz and Young did not violate the discharge injunction during this timeframe.

      2.    *Lutz and Young Did Not Violate the Discharge Injunction by Filing the VA Motion for Contempt.*

Debtor contends that Lutz and Young's pursuit of the VA Motion for Contempt and the Final Order entering a judgment against her in favor of Lutz for $25,520 constitute a violation of the discharge injunction. Debtor's Mot. for Contempt ⁋ 17, 5:15-bk-01286-RNO, ECF No. 25. Debtor again argues that the Final Order relates to Count II of the VA Complaint which was filed pre-petition and therefore is a pre-petition claim. Debtor's Post-Trial Br. at 8-10, 5:15-bk-01286-RNO, ECF No. 54. Debtor further argues that the VA Motion for Contempt and the Final Order

11

constitute an attempt to recover an *in personam* debt which was discharged in Debtor's underlying Chapter 7 bankruptcy. Debtor's Mot. for Contempt ¶ 17, 5:15-bk-01286-RNO, ECF No. 25.

Following Debtor's alleged failure to fully comply with the Partial Summary Judgment Order[15] and failure to comply with the Motion to Compel Order,[16] both of which sought turnover of partnership financial records and/or partnership assets, Young filed the VA Motion for Contempt on March 19, 2018. July Hr'g, Young's Ex. 7. The VA Motion for Contempt sought an order requiring Debtor to turn over to Lutz all partnership financial records and assets or entering a judgment against Debtor in the amount of $25,000 plus attorney's fees. *Id.* The Virginia Court granted the VA Motion for Contempt and entered the Final Order on July 2, 2018. July Hr'g, Movant's Ex. 7. The Final Order entered a judgment against Debtor in favor of Lutz in the amount of $25,520 for her failure to comply with the Motion to Compel Order. *Id.*

Lutz and Young argue that their pursuit of the VA Motion for Contempt is a post-petition claim because it relates to Debtor's failure to comply with multiple post-petition state court orders. Young's Answer to Debtor's Mot. for Contempt at 2, 5:15-bk-01286-RNO, ECF No. 33. Additionally, Lutz and Young argue that their pursuit of the VA Motion for Contempt did not violate the discharge injunction because: (1) Count II of the VA Complaint only sought the dissolution of Fine Line as a partnership; (2) the VA Motion for Contempt is unrelated to the $30,000 breach of contract claim in Count I; (3) Count II of the VA Complaint is against Debtor solely in her capacity as part-owner of the partnership, not personally; and (4) the $25,000 judgment does not belong to Lutz personally but belongs to him in his capacity as the dissolving partner of Fine Line. *Id.* at 2-3, 5:15-bk-01286-RNO, ECF No. 33; *see also* July Hr'g Tr. at 38-

---

[15] July Hr'g, Young's Ex. 4 & 9.H.
[16] Young's Post-Trial Br. at 5-7, 5:15-bk-01286-RNO, ECF No. 52.

39 & 49-50, 5:15-bk-01286-RNO, ECF No. 51; Young's Post-Trial Br. at 8 & 18-19, 5:15-bk-01286-RNO, ECF No. 52.

*In re Crabtree* is almost exactly on point with the matter currently before the Court. 2008 WL 5339108 (Bankr. E.D. Okla. Dec. 19, 2008). In *Crabtree*, a creditor filed a replevin action against the debtors in their capacities as corporate officers of a company. *Id.* at 5. The debtors received a discharge of their personal liability as to this replevin claim. *Id.* While a replevin action is an *in rem* action in nature, one of the debtors argued that this *in rem* action became an *in personam* action once the creditor sought and obtained a contempt order against her. *Id.* The debtor argued that the contempt action was a violation of the discharge injunction. *Id.* The *Crabtree* court determined that the creditor did not violate the discharge injunction because: (1) the creditor's actions were directed at the debtor in her capacity as a corporate officer of a company, not as an individual; (2) the contempt action was an attempt to enforce an order of the state court in an action that was otherwise permitted under the Bankruptcy Code; and (3) the creditor's actions did not have the practical effect of coercing payment of a discharged debt. *Id.* at 6-8.

Similar to *Crabtree*, Young stated on multiple occasions that the VA Motion for Contempt was against Debtor in her capacity as a partner of Fine Line. *E.g.*, Young's Post-Trial Br. at 3, 5:15-bk-01286-RNO, ECF No. 52. Additionally, Young provided that Lutz holds the $25,000 judgment on behalf of Fine Line as the dissolving partner. *Id.* at 8. It does not belong to Lutz personally. *Id.* Debtor never objected to these statements. *Id.* at 16-18. The 10th Circuit has held that:

> § 524(a)(2) permits suits in which debtors are nominal defendants, even suits brought to collect on debts a debtor has discharged, and that debtors may be required to comply with orders entered against them in state court proceedings.

*In re Crabtree*, 2008 WL 5339108, at *6 (citing *In re Paul*, 534 F.3d at 1307) (internal citation omitted).

Debtor points out that the case caption in the VA Complaint has always only listed "Melanie Zellner" as the defendant. Debtor's Post-Trial Br. at 9, 5:15-bk-01286-RNO, ECF No. 54. As such, Debtor argues that Lutz and Young were continuing a pre-petition action against Debtor personally in violation of § 524(a)(2). *Id.* However, the Court found no caselaw that such an argument is determinative of a final outcome, and Debtor has not provided any such authority. "Even if [the debtor] had been named in the replevin action itself, the action would not have been *in personam* as to her." *In re Crabtree*, 2008 WL 5339108, at *6.

Additionally, Lutz and Young argue that the VA Motion for Contempt is based on Debtor's failure to comply with multiple state court orders requiring her to turn over partnership records and assets. Young's Answer to Debtor's Mot. for Contempt at 2, 5:15-bk-01286-RNO, ECF No. 33. The Court has already found that Lutz and Young's efforts to wind up and dissolve Fine Line in the VA Litigation did not violate the discharge injunction. *See* Section III.B.1., *supra*. The VA Motion for Contempt was simply "an attempt to enforce an order of the state court in an action that was otherwise permitted under the Bankruptcy Code." *In re Crabtree*, 2008 WL 5339108, at *7. "[A] debtor is not relieved of her obligations to participate in a state court action against a third party merely because she is in bankruptcy or has received a discharge." *Id.* (citation omitted). Thus, the VA Motion for Contempt against Debtor as a partner of Fine Line was a facially permissible action by Lutz and Young.

Even if it is assumed that the VA Motion for Contempt was directed at Debtor personally, no action for contempt existed at the time Debtor filed her Chapter 7 petition. The VA Motion for Contempt relates to Debtor's post-petition failure to comply with state court orders. Young's

14

Case 5:15-bk-01286-RNO    Doc 60    Filed 03/11/20    Entered 03/11/20 11:23:01    Desc
Main Document    Page 14 of 18

Answer to Debtor's Mot. for Contempt at 2, 5:15-bk-01286-RNO, ECF No. 33. At the earliest, Debtor's actions leading to the VA Motion for Contempt occurred on February 23, 2018 (i.e., the entry of the Motion to Compel Order). Debtor filed for bankruptcy on March 30, 2015. Therefore, the VA Motion for Contempt is a "claim" that arose post-petition.

Debtor further argues that the partnership property sought in the VA Litigation was exempted in her bankruptcy pursuant to § 522. Debtor's Post-Trial Br. at 8 & 9, 5:15-bk-01286-RNO, ECF No. 54; *see also* Debtor's Mot. for Contempt at ⁋ 11, 5:15-bk-01286-RNO, ECF No. 25. Debtor contends that because she listed this property on her list of claimed exemptions and because neither Lutz nor Fine Line objected to them, this property is not liable for a pre-petition debt of hers. *Id.* However, Debtor provides no caselaw to support this assertion. Additionally, multiple courts support the notion that without an ownership interest in property, a debtor may not claim an exemption in that property. *Matter of Newman*, 875 F.2d 668, 670 (8th Cir. 1989) (citations omitted); *In re Johnson*, 565 B.R. 835, 841 (Bankr. S.D. Ohio 2017) (citations omitted); *In re Rincan*, 2010 WL 4777628, at *1 (Bankr. D.N.J. Nov. 17, 2010); *In re Keenan*, 364 B.R. 786, 798 (Bankr. D.N.M. 2007) (citations omitted); *In re Shephard*, 2007 WL 1385725, at *2 (Bankr. D.N.M. May 7, 2007) (citations omitted); *In re Cohen*, 263 B.R. 724, 726-27 (Bankr. D.N.J. 2001).

The Virginia Court found that Debtor was in possession of partnership property. July Hr'g, Young's Ex. 6. The Partnership Agreement even lists items which are property of the partnership. July Hr'g, Young's Exhibit 3. Debtor did not become the owner of partnership property simply by listing certain partnership assets as exempt in her bankruptcy schedules, and without objection. *See* Fed. R. Bankr. P. 4003(b).

Furthermore, the Court must look at whether Lutz and Young's VA Motion for Contempt had the practical effect of coercing Debtor to pay a discharged debt. Debtor implies numerous times that the VA Motion for Contempt was a roundabout way for Lutz to collect on the $30,000 Count I breach of contract claim which was bankrupted due to Debtor's Chapter 7 discharge. E.g., Debtor's Post-Trial Br. at 10, 5:15-bk-01286-RNO, ECF No. 54. However, the evidentiary record does not support this claim.

In sum, the Court finds the VA Motion for Contempt is a post-petition claim which did not seek to collect a discharged debt as a personal liability of Debtor. Therefore, Lutz and Young did not violate the discharge injunction in their pursuit of the VA Motion for Contempt. Similarly, Young's pursuit of $520 in attorney's fees related to the VA Motion for Contempt is also not a violation of the discharge injunction.

### C. Lutz's Alleged Harassment of Debtor Was Not a Violation of the Discharge Injunction.

As mentioned above, the Bankruptcy Motion for Contempt also alleges that Lutz violated the discharge injunction by engaging in various actions to harass, impede, and interfere with Debtor's business activities. Debtor's Mot. for Contempt at ¶ 18, 5:15-bk-01286-RNO, ECF No. 25. Specifically, Debtor alleges Lutz harassed her by sending emails to multiple venues where she does business and by Lutz personally showing up to these venues in direct sight of Debtor. July Hr'g Tr. at 73-76 & 89, 5:15-bk-01286-RNO, ECF No. 51; *see also* July Hr'g, Movant's Ex. 10. Lutz denied these allegations in his answer. Lutz's Answer to Debtor's Mot. for Contempt at ¶ 18, 5:15-bk-01286-RNO, ECF No. 32. Debtor also alleges Lutz harassed her by texting her, emailing her, and showing up to her house following the depositions taken on July 2, 2019. July Hr'g Tr. at 77-79, 5:15-bk-01286-RNO, ECF No. 51.

Debtor produced no evidence that any of the alleged harassing actions of Lutz had the practical effect of coercing Debtor into paying a discharged debt. Debtor provides that Lutz sent an email to one of these venues. July Hr'g Tr. at 73-76 & 89, 5:15-bk-01286-RNO, ECF No. 51; *see also* July Hr'g, Movant's Ex. 10. While Lutz does not deny sending this email, nothing in it has the practical effect of coercing Debtor to pay a discharged debt. July Hr'g, Movant's Ex. 10. Additionally, Debtor alleges that Lutz showed up to at least one of these venues and "sat across from [her] for several hours staring at [her]." July Hr'g Tr. at 89, 5:15-bk-01286-RNO, ECF No. 51. She follows up by saying that he did not speak to her at any point. *Id.* While this may be inappropriate conduct, it does not evidence that Lutz attempted to coerce Debtor into paying a discharged debt.

Furthermore, Debtor alleges that Lutz texted her, emailed her, and showed up to her house following their July 2nd depositions. *Id.* at 77-79. Debtor testified that, in all three of these instances, Lutz requested she turn over the Juki sewing machine and the embroidery machine. *Id.* at 87-89. Again, this was not an attempt by Lutz to coerce Debtor into paying a discharged debt. The Juki sewing machine and embroidery machine are both listed in the Partnership Agreement as partnership assets possessed by Debtor in Pennsylvania. July Hr'g, Young's Ex. 3. The Virginia Court found Fine Line to be a partnership and granted Lutz the right to wind up and dissolve it. July Hr'g, Young's Ex. 4. The Virginia Court also found that Debtor was in possession of partnership assets and ordered her to turn them over to Lutz. July Hr'g, Young's Ex. 6. Lutz and Young have been waiting for Debtor to turn over these assets since February 23, 2018, at the latest. As stated above, a claim seeking the turnover of a partnership assets does not violate the discharge injunction. *In re Schmucker*, 1994 WL 613398, at *2 (Bankr. N.D. Ohio

Oct. 13, 1994). Lutz's conduct here did not have the practical effect of coercing the payment of a discharged debt.

Lutz did not violate the discharge injunction in regards to Debtor's harassment allegations.

### D. Debtor's Requests for Relief.

The "wherefore" clause in the Bankruptcy Motion for Contempt requests multiple forms of relief. Debtor's Mot. for Contempt at 4, 5:15-bk-01286-RNO, ECF No. 25. Request numbers 1 & 4-7 have already been denied because this Opinion found that Lutz and Young did not violate the discharge injunction. Request numbers 2 & 3 require an adversary proceeding and are therefore denied. *See* Fed. R. Bankr. P. 7001(7). Additionally, request numbers 2 & 3 are nonetheless precluded based on the findings of this Opinion.

## IV. CONCLUSION

Lutz and Young did not violate the discharge injunction by pursuing Count II of the VA Complaint. Lutz did not violate the discharge injunction in regards to Debtor's harassment allegations. Because no violation of the discharge injunction occurred, the Court need not undergo a *Taggart* "no fair ground of doubt" analysis.

While Lutz and Young did not violate the discharge injunction, they are cautioned to be very careful in how they handle the partnership dissolution and winding up process moving forward.

Judgment will be entered consistent with this Opinion.

Dated: March 11, 2020        By the Court,

_____
Robert N. Opel, II, Bankruptcy Judge (BI)

18

Case 5:15-bk-01286-RNO    Doc 60    Filed 03/11/20    Entered 03/11/20 11:23:01    Desc
Main Document    Page 18 of 18